UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

CHAD W. HUNT,            )
                         )
            Plaintiff,   )    Case No. 1:10-cv-43
                         )
v.                       )    Honorable Paul L. Maloney
                         )
COMMISSIONER OF          )
SOCIAL SECURITY,         )
                         )    **REPORT AND RECOMMENDATION**
            Defendant.   )
_____)

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On January 29, 2006, plaintiff filed his applications for benefits alleging a June 30, 2005 onset of disability.[1] (A.R. 60-62, 446-48). Plaintiff's disability insured status expired on June 30, 2007. Thus, it was plaintiff's burden on his claim for DIB benefits to submit evidence demonstrating that he was disabled on or before June 30, 2007. *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

Plaintiff's claims for DIB and SSI benefits were denied on initial review. On February 19, 2009, he received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 585-626). On March 11, 2009, the ALJ issued a decision finding that

---

[1] SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, February 2006 is plaintiff's earliest possible entitlement to SSI benefits.

plaintiff was not disabled. (A.R. 14-24). On November 20, 2009, the Appeals Council denied review (A.R. 5-7), and the ALJ's decision became the Commissioner's final decision.

On January 19, 2010, plaintiff filed his *pro se* complaint seeking judicial review of the Commissioner's decision denying his claims for DIB and SSI benefits. Plaintiff argues that the Commissioner's decision is not supported by substantial evidence, but he relies on evidence that was never presented to the ALJ: (1) exhibits that his former attorney sent to the Appeals Council in support of plaintiff's unsuccessful application for discretionary review; and (2) exhibits plaintiff attached to his brief (docket # 9). Upon review, I recommend that plaintiff's request for remand to the Commissioner for consideration of new evidence under sentence six of 42 U.S.C. § 405(g) be denied. I further recommend that the Commissioner's decision be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any

fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004).

**Discussion**

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from June 30, 2005, through June 30, 2007, but not thereafter. (A.R. 16). Plaintiff had not engaged in substantial gainful activity on or after June 30, 2005. (A.R. 16). Plaintiff had the following severe impairments: "chronic pain syndrome with late[nt] effects from an ankle fracture, hypertension with headaches and history of seizures, obesity, major depressive disorder and opioid

dependence." (A.R. 16). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 19). He retained the residual functional capacity (RFC) for a limited range of sedentary work. (A.R. 20). The ALJ found that plaintiff's testimony regarding his subjective limitations was not fully credible. (A.R. 20-22). Plaintiff was unable to perform his past relevant work. (A.R. 22). Plaintiff was 28 years old as of the date of his alleged onset of disability, 30 years old when his disability insured status expired, and 31 years old as of the date of the ALJ's decision. Thus, at all times relevant to his claims for DIB and SSI benefits plaintiff was classified as a younger individual. (A.R. 22). Plaintiff has at least a high school education and is able to communicate in English. (A.R. 22). The transferability of job skills was not an issue because plaintiff's past relevant work was unskilled. (A.R. 22). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with his RFC, education, and work experience, the VE testified that there were approximately 11,500 jobs in the State of Michigan that the hypothetical person would be capable of performing. (A.R. 620-23). The ALJ found that this constituted a significant number of jobs. Using Rule 201.27 of the Medical-Vocational Guidelines as a framework, the ALJ held that plaintiff was not disabled.[2] (A.R. 14-24).

---

[2] Since 1996, the Social Security Act, as amended, has precluded awards of SSI and DIB benefits based upon alcoholism and drug addiction. *See* 42 U.S.C. §§ 423(d)(2)(C), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935; *see also Bartley v. Barnhart*, 117 F. App'x 993, 998 (6th Cir. 2004); *Hopkins v. Commissioner*, 96 F. App'x 393, 395 (6th Cir. 2004). The claimant bears the burden of demonstrating that drug and alcohol addiction is not a contributing factor to his disability. *See Parra v. Astrue*, 481 F.3d 742, 748 (9th Cir. 2007); *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999); *see also Zarlengo v. Barnhart*, 96 F. App'x 987, 989-90 (6th Cir. 2004). Because plaintiff was found not to be disabled, the ALJ was not required to decide the issue of whether substance abuse was material to a finding of disability.

**1.**

Plaintiff argues that the ALJ's decision is not supported by substantial evidence. The basis for this argument is evidence that was never presented to the ALJ before he issued his March 11, 2009 decision. For almost two decades, it has been the clearly established law of the Sixth Circuit that the ALJ's decision is the final decision subject to review by this court in cases where the Appeals Council denies review. The court cannot consider evidence that was not before the ALJ in determining whether the ALJ's decision is supported by substantial evidence. This court must base its review of the ALJ's decision upon the administrative record presented to the ALJ. *See Jones v. Commissioner*, 336 F.3d at 478; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001); *Cotton v. Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). The court is not authorized to consider additions to the record in determining whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner correctly applied the law. *See Cline v. Commissioner*, 96 F.3d 146, 148 (6th Cir. 1996).

"A district court's authority to remand a case for further administrative proceedings is found in 42 U.S.C. § 405(g)." *Hollon ex rel. Hollon v. Commissioner*, 447 F.3d 477, 482-83 (6th Cir. 2006). The statute permits only two types of remand: a sentence four (post-judgment) remand made in connection with a judgment affirming, modifying, or reversing the Commissioner's decision; and a sentence six (pre-judgment) remand where the court makes no substantive ruling as to the correctness of the Commissioner's decision. *Hollon*, 447 F.3d at 486 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991)); *see Allen v. Commissioner*, 561 F.3d 646, 653-54 (6th Cir. 2009). The court cannot consider evidence that was not submitted to the ALJ in the sentence four

context. It can only consider such evidence in determining whether a sentence six remand is appropriate. *See Bass v. McMahon*, 499 F.3d 506, 513 (6th Cir. 2007); *Foster v. Halter*, 279 F.3d at 357.

Plaintiff has the burden under sentence six of 42 U.S.C. § 405(g) of demonstrating that the evidence he now presents in support of a remand is "new" and "material," and that there is "good cause" for the failure to present this evidence in the prior proceeding. *See Hollon*, 447 F.3d at 483; *see also Longworth v. Commissioner*, 402 F.3d 591, 598 (6th Cir. 2005). Courts "are not free to dispense with these statutory requirements." *Hollon*, 447 F.3d at 486.

Much of the plaintiff's proffered evidence is not "new" because it was created before the ALJ's decision. (A.R. 166, 470-90, 495-97). *See Hollon*, 447 F.3d at 483-84; *Foster*, 279 F.3d at 357. The "Physician Form Regarding Disability" signed on January 6, 2008, by Nurse Practitioner Caroline Flickinger (docket # 9-2 at ID # 23; A.R. 166) is not new. It was considered and rejected by the ALJ because a nurse practitioner is not an acceptable medical source[3] and the opinions expressed by Nurse Flickinger were not supported by objective evidence. (A.R. 21-22). Her

---

[3]A nurse practitioner is not an "acceptable medical source." *See* 20 C.F.R. §§ 404.1513(a), (d), 416.913(a), (d); *see also Turner v. Astrue*, No. 09-3019, 2010 WL 3330015, at * 4 (7th Cir. Aug. 4, 2010); *De Herrera v. Astrue*, 372 F. App'x 771, 773 (9th Cir. 2010). Only "acceptable medical sources" can: (1) provide evidence establishing the existence of a medically determinable impairment; (2) provide a medical opinion; and (3) be considered a treating source whose medical opinion could be entitled to controlling weight under the treating physician rule. *See Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not 'Acceptable Medical Sources' in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies*, SSR 06-3p (reprinted at 2006 WL 2329939, at * 1 (SSA Aug. 9, 2006)). The opinions of a nurse practitioner fall within the category of information provided by "other sources." *Id.* at * 2; *see* 20 C.F.R. §§ 404.1513(d), 416.913(d). The social security regulations require that information from other sources be "considered." 2006 WL 2329939, at * 1, 4 (citing 20 C.F.R. §§ 404.1512, .1527, 416.912, .927). This is not a demanding standard, and it was easily met here. (A.R. 21-22).

statement that plaintiff was "unable to return to work" is not a medical opinion. It was not entitled to any weight because the issue of whether a claimant is disabled is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e), 416.927(e); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009); *see also Turner v. Commissioner*, 381 F. App'x 488, 492-93 (6th Cir. 2010). The following evidence is new:

1. Medical Assessments of Ability to Do Work-Related Activities (Physical) signed on April 29, 2009, and April 9, 2010, by John C. Collins, M.D. (docket # 9-2 at ID #s 24-29);

2. a one-page document from Borgess Neurology dated June 24, 2009, signed by Dr. Collins (*Id.* at ID # 30);

3. positive drug tests dated for methadone on March 12 and 17, 2009 (A.R. 491);

4. a Medical Assessment of Ability to Do Work-Related Activities (Physical) signed on April 9, 2009, by Jennifer Parks, M.D. (A.R. 492-94); and

5. June 2009 Records from Borgess Medical Center (A.R. 500-84).

Although evidence is new, plaintiff bears the burden of showing good cause for failing to present it to the ALJ. "Good cause" is not established solely because the new evidence was not generated until after the ALJ's decision. The Sixth Circuit has taken a "harder line." *Oliver v. Secretary of Health & Human Servs.*, 804 F.2d 964, 966 (6th Cir. 1986); *see also Perkins v. Apfel*, 14 F. App'x 593, 598-99 (6th Cir. 2001). The moving party must explain why the evidence was not obtained earlier and submitted to the ALJ before the ALJ's decision. *See Hollon*, 447 F.3d at 485; *Oliver*, 804 F.2d at 966; *see also Brace v. Commissioner*, 97 F. App'x 589, 592 (6th Cir. 2004) (claimant's decision to wait and schedule tests just before the hearing before the ALJ did not establish good cause). Plaintiff has not addressed, much less carried, his burden of demonstrating good cause.

Finally, in order to establish materiality, plaintiff must show that introduction of the new evidence would have reasonably persuaded the Commissioner to reach a different conclusion. *See Foster v. Halter*, 279 F.3d at 357; *Sizemore v. Secretary of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988); *see also Hensley v. Commissioner*, 214 F. App'x 547, 550 (6th Cir. 2007). Plaintiff ignores the materiality issue.

The proffered evidence is not material. None of the objective tests purport to assess plaintiff's condition at any time during the relevant time period from plaintiff's alleged onset of disability through the date of the ALJ's decision. The ALJ was aware of plaintiff's opioid dependence. (A.R. 16-22). The June 3, 2009 EEG was "grossly normal" and did not reveal any epileptiform activities. (A.R. 500, 574). The June 5, 2009 MRI of plaintiff's brain was negative for acute abnormalities. (A.R. 500, 577). Plaintiff had normal strength in his extremities, was not undergoing any psychological treatment, and was living on his own in an apartment. (A.R. 506-07). This evidence would not have reasonably persuaded the Commissioner to reach a different conclusion on plaintiff's claims for DIB and SSI benefits.

The April 9, 2009 Medical Assessment of Ability to do Work-Related Activities (Physical) supplied by Dr. Parks (A.R. 492-94) would have been rejected, because it did not address plaintiff's condition during the period at issue, is not supported by objective test results, and offers extreme restrictions that are not supported by the administrative record. The April 29, 2009 and April 9, 2010 Medical Assessments of Ability to Do Work-Related Activities (Physical) completed by Dr. Collins (docket # 9-2 at ID#s 24-29) would add further support for the ALJ's decision denying plaintiff's applications for DIB and SSI benefits, because the restrictions listed by Dr. Collins are

consistent with the ALJ's factual finding that plaintiff retained the RFC for a limited range of sedentary work. (A.R. 20).

I find that plaintiff has not demonstrated that remand pursuant to sentence six of 42 U.S.C. § 405(g) is warranted. Plaintiff's request for a sentence six remand should be denied because he has not carried his statutory burden. Plaintiff's argument must be evaluated on the record presented to the ALJ.

**2.**

Plaintiff makes a generalized argument that the ALJ's decision is not supported by substantial evidence without addressing any specific factual finding. (Plf. Brief at 1). The ALJ issued an eleven-page opinion in which he carefully considered plaintiff's testimony and the evidence plaintiff presented in support of his claims for DIB and SSI benefits. (A.R. 14-24). Upon review, I find no basis for disturbing the Commissioner's decision. The ALJ's administrative findings are supported by more than substantial evidence and he correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d at 125.

**Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's request for remand to the Commissioner under sentence six of 42 U.S.C. § 405(g) be denied. I further recommend that the Commissioner's decision be affirmed.


Dated: December 16, 2010         /s/ Joseph G. Scoville
                                 United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).